UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL, AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, ROBERT YOUNT, JOHN RAMSEY, and KARL MAXIM, on behalf of themselves and others similarly situated,<br><br>                                                                    Plaintiffs,<br><br>      v.<br><br>ROEHLEN ENGRAVING, a division of STANDEX INTERNATIONAL CORPORATION, STANDEX INTERNATIONAL CORPORATION and STANDEX INTERNATIONAL CORP. RETIREE MEDICAL PLAN COVERING HOURLY EMPLOYEES,<br><br>                                                                   Defendants. | **DECISION AND ORDER**<br><br>06-CV-573S |

Plaintiffs, by their attorneys, Creighton, Pearce, Johnsen & Giroux, having moved this Court for an Order granting Preliminary Approval of the Settlement Agreement and Release; and without opposition from Defendants Roehlen Engraving, Standex International Corporation and Standex International Corporation Retiree Medical Plan Covering Hourly Employees; and this Court having reviewed the declaration of Christian D. Hancey on behalf of Defendants, and the declarations of Jonathan Johnsen, with annexed exhibits, on behalf of Plaintiffs, the declarations being in support of the motion for Preliminary Approval; and the Court having found that the settlement terms as outlined by the parties are within the range of reasonableness and are fair, reasonable and adequate as to Plaintiffs, it is hereby

**ORDERED** that the unopposed Motion for Preliminary Approval of Class Action Settlement Agreement and Release (Docket No. 10) is GRANTED; and it is hereby further

**ORDERED** that this Court preliminarily approves the Settlement Agreement and Release

(Docket No. 10-3)as follows:

      1. That the Court preliminarily finds that the settlement is within the range of reasonableness and is fair, reasonable and adequate as to the Class members and, specifically, that the consideration provided by Defendants to the Class members is fair and reasonable and, further, that the release of claims provided by Class members in the settlement agreement is also fair and reasonable. Accordingly, the Court preliminarily approves such settlement.

      2. That a class as defined below shall be certified pursuant to Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure for purposes of the settlement only:

> all Roehlen Retirees and Spouses who were living at the time counsel for the Defendants and Class Counsel reached an agreement in principle as to the resolution of this matter, on or about June 1, 2008, except the following individuals: (i) any Retiree (and his or her Spouse) who received a disability retirement, and (ii) any Retiree (and his or her Spouse) who previously accepted the Company's offer of reduced retiree medical benefits in or around the fourth quarter of 2006 and, in conjunction therewith, released any and all claims against the Company, including those relating to claims for retiree medical and/or dental insurance benefits;

      3. That for purposes of this class definition, the term "Roehlen Retiree" shall be defined as any former hourly worker of Roehlen Engraving who retired from Roehlen Engraving on or before July 1, 2004 and who, at the time of his or her retirement, was covered by a collective bargaining agreement in effect between the Company and the Union, and whose retiree medical and/or dental insurance benefits were terminated or reduced by the Company effective July 1, 2004 following the expiration of the collective bargaining agreement between the Company and the

Union.

4. That for purposes of this class definition, the term "Spouse" shall be defined as any current spouse and living surviving spouse of a Roehlen Retiree who was married to the Roehlen Retiree at the time of the Roehlen Retiree's retirement.

5. That the above-defined class shall include the following individuals: Albert Barravecchia, Dorothy Bater, Fred Bater, Karl Bater, Rosemary Bater, Clarence Carmen, Anna Carmen, Fred Castiglione, Alvira Castiglione, Roger Ciancione, Marie Ciancione, Phillip Cicchetti, Linda Cicchetti, Donald Comstock, Elizabeth Comstock, Forbes Hildreth, Joan Hildreth, Karl Maxim, Joyce Maxim, Theodore Miller, Barbara Miller, David Murdoch, Frances Murdoch, Clifford Sheets, Duane Smith, Marilyn Smith, Martha Quinn, John Ramsey, Gale Ramsey, Donald Wichman, Joan Wichman, Robert Yount and JoAnn Yount.

6. That, were the individual Class members to prosecute individual claims against Defendants, such actions would create a risk of inconsistent or varying adjudications that would risk establishing incompatible standards of conduct for Defendants. Specifically, there would be a significant risk of one court requiring Defendants to maintain retiree medical benefits for a particular retiree — a holding that would necessarily apply to all retirees — while another court may determine that Defendants lawfully terminated retiree medical benefits for their retirees;

7. That Robert Yount, Karl Maxim and John Ramsey, as class representatives, have fairly and adequately protected the interests of the Class as evidenced by the parties' settlement agreement.

8. That the allocations of the settlement amount among Class members as

outlined in the settlement agreement provides fair and reasonable compensation for each Class member based on the Class member's relative length of retirement.

9. That the Class Representatives and Jonathan Johnsen, Esq. (class counsel) are appointed to act on behalf of the Class in connection with the proposed settlement;

10. That the parties have submitted a copy of the revised Class Notice (Docket No. 14-2) herein and that such revised Class Notice meets with the Court's approval.

11. That the revised Class Notice is the only notice required and shall constitute the best notice practicable under the circumstances, and such Notice constitutes valid, due and sufficient notice to the Class, complying fully with the requirements of due process and applicable state and federal law, including Rule 23 and any other applicable law.

12. That Defendants' counsel will mail the revised Class Notice and Claim Form to all Class members no later than thirty (30) days from the date of this Order. Any Class member who intends to object to the settlement must do so by providing any such objection in writing to the Court, Class Counsel and Defendants' counsel so that the objection is received by each no later than thirty (30) days after the date of the Class Notice. Objections that do not meet these requirements will only be considered by the Court upon a showing of good cause.

13. That Defendants' counsel shall mail the revised Class Notice to each Class Member at his or her last known mailing address by United Postal Service (USPS) first-class mail and, as to any Class Notice that is Returned Undeliverable Mail ("RUM"), Defendants' counsel shall update that Class Member's address by using the

USPS National Change of Address List and/or routine and customary skip trace procedures and shall re-mail the revised Class Notice by USPS first-class mail once to the Class Member. Defendants' counsel shall also notifiy Class Counsel of each RUM notice so that he may attempt to locate a correct address for the Class Member.

14. That Class members who wish to participate in the settlement shall submit a claim form no later than thirty (30) days from the date of the Claim Form and that each Claim Form shall provide the Class Member's full name; social security number and the dates of the Class Member's (or his or her spouse's) retirement from Roehlen and the type of retirement taken; the name of the class member's spouse, if any; whether said spouse is living and whether the Class member was married to the spouse on the date of the Class Member's retirement from Roehlen.

That Defendants shall mail to Class Counsel the settlement payments for each Class member who has filed a claim in this matter no later than 60 days after the following events take place:

A. An Order is entered by this Court granting final approval of the settlement agreement, including, without limitation, the dismissal with prejudice of any claims for retiree medical or dental benefits by the Class; and

B. The legal finality of the final approval Order of this Court by virtue of no appeal within the statutory time period to file an appeal or upon entry of the order and/or an affirmance on appeal.

15. That pending final determination of whether the terms contained in the settlement agreement should be finally approved, neither Plaintiffs, nor any Class member, nor any of their agents, attorneys or representatives, either directly,

indirectly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the released claims against Defendants.

16. That if the settlement does not receive final approval, this Order will become null and void, and Defendants will retain all rights to oppose class certification in any subsequent proceeding;

and it is hereby further

**ORDERED,** that a **Fairness Hearing** will be held before this Court on **April 16, 2009,** at 2:00 p.m. in Part IV, United States Courthouse, 68 Court Street, Buffalo, NY 14202, to determine whether the proposed settlement is fair, reasonable, and adequate to the Class and should be finally approved; whether a Judgment should be entered; and to determine whether the fees and expenses requested by Plaintiffs' counsel should be approved. The Court may adjourn the Settlement Hearing without further notice if necessary.

**IT IS SO ORDERED**

Dated:   January 21, 2009
         Buffalo, NY

/s/ William M. Skretny
William M. Skretny
U.S. District Judge

*Terms consented to by:*

November 6, 2008        **CREIGHTON, PEARCE, JOHNSEN & GIROUX**

By: /s/ Jonathan G. Johnsen

Jonathan G. Johnsen, Esq.
560 Ellicott Square Bldg
295 Main Street
Buffalo, NY 14203
Telephone: (716) 854-0007
*Attorneys for Plaintiffs*

November 5, 2008        **NIXON PEABODY LLP**

By: /s/ Christian D. Hancey

Christian D. Hancey, Esq.
1100 Clinton Square
Rochester, NY 14604
Telephone: (585) 263-1000
*Attorneys for Defendants*